FILED

JUL 13 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS A. CARDOZA, :
#22113-016 :
Federal Correctional Institution :
PO BOX 90027 :
Petersburg, VA 20384-1000 :
                    Plaintiff, :
    v. :    Case No. _____
 :
UNITED STATES OF AMERICA :  CASE NUMBER 1:04CV01174
555 4th STREET NW :  JUDGE: Richard J. Leon
WASHINGTON, DC 20001 :
    DECK TYPE: Civil Rights (non-employmen
WARDEN JOSEPH BROOKS, :  DATE STAMP: 07/13/2004
RICHARD MC CLEARY :
FEDERAL BUREAU OF PRISONS :
MID-ATLANTIC REGION :
BUTNER LEGAL CENTER :
P.O. BOX 1500 :
BUTNER, NORTH CAROLINA 27509 :
                 Defendants. :



## VERIFIED COMPLAINT

1. The jurisdiction of the Court is founded on 42 U.S.C. 1983, and 28 U.S.C. 1331.

2. This claim stems from the action of the institutional garden's supervisor, Will Hodgeson, ("Hodgeson") against Complainant Carlos A. Cardoza ("Cardoza"), an inmate at the Federal prison facility in Petersburg, VA. After many protests and complaints of severe illness by Plaintiff, Hodgeson ordered Plaintiff to continue to work or sit in the shade under a tree in the garden. Hodgeson failed to heed or notice Plaintiff's desperate need for medical assistance and callously without any regard or compassion or respect for Cardoza's humanity continued to ignore his pleadings until Plaintiff suffered a severe life threatening condition. This Complaint

also arises out of the other Defendants, the Federal Bureau of Prisons, Warden Joseph Brooks ("Brooks") and Federal Prisons' employee, Richard McCleary's negligent actions in failing to monitor the situation and in failing to provide to Cardoza immediate medical care all of which contributed to or increased his medical problems.

## BACKGROUND INFORMATION

3. On or about July 11, 2001, Cardoza was slated to work in the institutional garden detail. On other occasions, the work crew began work in the early a.m. hours; however, on this particular day, the work day began around 11:45 a.m.

4. On the particular day in question, the temperature or heat index was forecasted to reach 104○ F.[1] Plaintiff is of substantial size, and was visibly affected by the heat.

5. The work crew worked for a little while, then, they went out for a lunch break. Around 2:00 pm, and after returning from lunch, Cardoza began to feel ill. Complainant then informed the supervisor of the garden detail, Hodgeson, that he would not be able to work because he was in a great deal of pain.

6. Hodgeson replied impassionately and stated to Cardoza, "Oh, go back to work and drink some water!" On information and belief, Cardoza believed that Hodgeson surmised he was feigning sickness and that Cardoza was using that ploy to get out of work, go back to his quarters and relax for that particular day.

---

[1] It was indicated in Cardoza's medical report that Plaintiff was on the whole -healthy; however, Plaintiff was diagnosed as obese which lends to the fact that Hodgeson was apprised of this fact and should have acted immediately upon Plaintiff's requests. Hodgeson was also aware that Plaintiff had suffered a prior illness before the day in question but the incident was relegated to the status of heat exhaustion. Plaintiff can support by testimony of other workers that his writhing in pain was so intense that they too sought the attention of Hodgeson.

2

7. Plaintiff tried to continue to work in the garden after he was ordered to drink water but as he began to rise from the ground, he began to experience blurred and double vision. When Cardoza explained emphatically that he was seeing double (in front of witnesses) and that he felt gravely ill, Hodgeson directed him again to go to a tree and sit under it and get cool. (See Ex.) Hodgeson failed to offer Cardoza any remedial recourse or to immediately address his illness.

8. Shortly thereafter, an attendant assisted Cardoza from the garden detail and aided the Plaintiff back to his quarters. The recommendation at that time by Defendants was what is generally called a 'three-day idle' where Plaintiff would not report to the work detail for a period of three days. During the interim, Cardoza's condition worsened and he began to endure severe abdominal pain followed by frequent vomiting of blood. During the three day idle period, the staff in the facility did not address the Plaintiff's cries for help.

9. The persistent vomiting with blood and severe abdominal pain, which was ignored by the staff, later caused Plaintiff to collapse in his quarters. Cardoza was removed from his cell by a medic on the premises after the third day to a hospital within the immediate area. At a later time at the Hospital, the physicians expressed grave concern and Plaintiff was diagnosed with severe heat exhaustion and a torn esophagus, an extremely critical and life threatening situation. Upon the recommendation of the hospital staff, Plaintiff was transported by ambulance to another medical facility outside of the compound that was better equipped to handle his emergency. Cardoza requested that his family members be notified. No family members, including his wife, were notified of his condition.

10. Cardoza was rushed to surgery immediately upon arrival at the second hospital facility. Plaintiff remained comatose after surgery for about 2-3 days and his life was sustained by

intravenous feeding and he was maintained on oxygen until his condition improved. Cardoza's condition was attributed to his prolonged exposure to the sun and heat. He suffered from severe dehydration. Plaintiff remained in the hospital for about one month. Cardoza contends also during his stay in the hospital, that none of his family members, especially his wife was informed of his condition.

11. Cardoza was removed from the garden detail; however, his newest position required that he would have to walk over a mile to his work site. Plaintiff contends that the walking aggravated his injury especially since the assignment was made soon after his release from the hospital. Plaintiff contends that this newest assignment was a subtle form of punishment for standing upon his civil rights and for his previous actions in reporting Hodgeson's mistreatment toward the other detainees.

## NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE

Cardoza incorporates and references herein paragraphs 1-11 of the Verified Complaint.

12. Cardoza contends that when he was in the institutional garden, he told Hodgeson that he felt that he was weak and sick. Hodgeson ordered Cardoza to sit in the shade and drink plenty of water. Hodgeson's failure to attend to Plaintiff's medical needs and forcing him to go back to work when it was plain that Cardoza was gravely ill and the other above listed Defendants' failure to get immediate medical help to Cardoza constituted gross neglect. Hodgeson knew or should have known that the temperatures would soar to a dangerous level and he was the cause of Plaintiff's illness. Had all of the Defendants who owed to Cardoza a duty of care since he was in their custody promptly attended his medical needs, Plaintiff would not have suffered a life threatening illness to the point that it continues to gravely affect him now.

4

## COUNT II

### MALICIOUS HARASSMENT AND CONCEALMENT

Cardoza incorporates and references herein paragraphs 1-12 of this Verified Complaint.

13. Plaintiff maintains that Hodgeson sought to harass and punish him for reporting Defendants' abuses of himself and other inmates by transferring him to a work detail that obviously exacerbated his illness. Cardoza alleges that the other Defendants did nothing to protect him in this circumstance. Defendants, the United States et. al. failed to report Cardoza's grave illness to his family despite his requests and sought to conceal their negligent actions and malicious harassment of Plaintiff after the incident in the garden.

## COUNT III
## CONSTITUTIONAL VIOLATIONS

14. Cardoza incorporates and references herein paragraphs 1-13 of this Verified Complaint. Defendants, the United States Hodgeson, Brooks, and McCleary caused Cardoza's illness on the day in question and Defendants are still liable to the extent that Plaintiff still suffers numerous medical problems and complications. These Defendants denied to Cardoza a duty of care while he was in their custody and these actions violated Plaintiff's Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights under the U.S. Constitution. The United States and the Defendants also denied to Cardoza the equal protection of the laws under the Equal Protection Clause inherent in the Fourteenth Amendment of the U.S. Constitution by their actions.

WHEREFORE, Cardoza prays for the following relief:

A. Compensatory damages and punitive damages for medical problems caused by Defendants' negligence and for medical problems still suffered as a direct result of the actions and

inactions of the Defendants and for the related stress which compounds the suffering.

B. One million dollars in actual damages and any and all such other relief as this Court deems just and proper.

Respectfully submitted,

_Lucy R. Edwards_
Lucy R. Edwards, #197020
3001 Georgia Avenue NW
Washington, DC 20001
(202) 829-9601

## REQUEST FOR JURY TRIAL

Plaintiff, Carlos Cardoza, through counsel Lucy R. Edwards, respectfully request a trial by jury consisting of twelve jurors.

_Lucy R. Edwards_
Lucy R. Edwards