UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARLOS A. CARDOZA,            )
                              )
      Plaintiff,            )
                              )
v.                            )   Civ. Action No. 04-1174 (RJL)
                              )
                              )
                              )
UNITED STATES OF AMERICA,     )
    et al.                    )
                              )
      Defendants.           )

### MEMORANDUM OPINION AND ORDER
(March 15, 2006) [#13]

Carlos Cardoza ("plaintiff") brings this suit against the United States of America, the Bureau of Prisons, and Warden Joseph Brooks (collectively, "defendants"), alleging negligence, malicious harassment and concealment,[1] and constitutional tort violations of his Fourth, Fifth, and Fourteenth Amendment rights. (*See* Am. Compl. ¶¶ 12-14.) Currently before the Court is defendants' Motion to Dismiss or, in the Alternative to Transfer to the Eastern District of Virginia. For the reasons stated below, the Court GRANTS defendants' Motion and transfers this action to the Eastern District of Virginia.[2]

Venue for FTCA claims in which the United States is a defendant is controlled by 28 U.S.C. § 1402(b). *See Zakiya v. United States*, 267 F. Supp. 2d 47, 58 (D.D.C. 2003) (citing

---

[1] The exclusive remedy for the negligent or wrongful act or omission of any employee of the government while acting within the scope of federal employment is an action against the United States under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679(d); *United States v. Smith*, 499 U.S. 160, 163 (1991).

[2] This Court expresses no opinion as to the substantive merits of defendants' Motion to Dismiss.



*Bartel v. Fed. Aviation Admin.*, 617 F. Supp. 190, 198 (D.D.C. 1985)). Section 1402(b) states that "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In this Circuit, for purposes of the general venue statute, a prisoner's residence is deemed to be at his place of confinement. *In re Pope*, 580 F. 2d 620, 622 (D.C. Cir. 1978). And under the FTCA, a tort claim arises at the place where the negligent acts occurred. *Beattie v. United States*, 592 F. Supp. 780, 784 (D.D.C. 1984). Because the allegations in plaintiff's Complaint concern conduct that allegedly occurred completely within the Eastern District of Virginia, where the plaintiff was incarcerated and where any witnesses would be located, plaintiff's FTCA claims are not properly before this Court. As such, they must be transferred.

Likewise, for constitutional tort claims, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). According to the defendants, all individual defendants resided at all relevant times in the state of Virginia. (Defs.' Mot. to Dismiss or, In the Alt., to Transfer to the E.D. Va. at 18.) And, as stated above, the allegations in plaintiff's Complaint concern conduct that allegedly occurred completely within the Eastern District of Virginia. Accordingly, this Court finds that it would be in the

interest of justice for this action to be adjudicated in the Eastern District of Virginia and therefore GRANTS [#13] defendants' Motion to Transfer. Accordingly, it is, this 15th, day of March 2006, hereby

**ORDERED** that [#13] defendant's Motion to Transfer to the Eastern District of Virginia is **GRANTED**; and it is further

**ORDERED** that the case be transferred to the Eastern District of Virginia.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge